IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:23-cv-1348-M

Robert Paul Sharpe,

    Plaintiff,

v.

Peter J. Spark, Mark Leon Eastham,
Daniel Matthew Shoaf,

    Defendants.

**MOTION FOR CLARIFICATION**

Now comes Plaintiff, Robert Sharpe, requesting clarification concerning statements by the Court, including standing as a pro se litigant under 31 U.S.C. § 3730(h).

## ISSUES PRESENTED

### 1. Port City Contracting Services (PCCS) Bankruptcy Schedule

The § 3730(h) claim included in the bankruptcy schedule for PCCS are separate from Plaintiff's individual claim. Plaintiff added all potential claims to the PCCS bankruptcy schedule out of an abundance of caution, ensuring the Chapter 7 trustee was notified of all potential recovery options. Plaintiff's protection as a whistleblower is in addition to the protections due PCCS. Without individual whistleblower protections, an incentive to bankrupt small businesses after a fraud report would be created. Moreover, some of the remedies under § 3730(h) could only apply to an individual. For example, mandatory damages for emotional distress.

## 2. Expanded Scope of 31 U.S.C. § 3730(h)

The whistleblower retaliation components of the FCA have been expanded over the years. Beyond a *qui tam* action, § 3730(h) protection also includes efforts to stop violations of the FCA, even though a *qui tam* action is not sought. *See United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 201 (4th Cir. 2018) ("In 2010, Congress amended § 3730(h) to include a second category of protected activity: that which constitutes "*other effort to stop 1 or more violations of* [the FCA].""). Both fraud issues reported by Plaintiff were intended to immediately stop violations of the FCA, instead of pursuing a *qui tam* action.

Importantly, the Fourth Circuit has also stated in relation to § 3730(h):

> We hold that the district court's conclusion that § 3730(h) only protects whistleblowing activity directed at the whistleblower's employer was erroneous, because the plain language of § 3730(h) protects disclosures in furtherance of a viable FCA action against *any person or company*. *O'Hara v. Nika Techs., Inc.*, 878 F.3d 470, 475 (4th Cir. 2017).

## 3. Pro Se Standing

Clarification is requested concerning Plaintiff's standing to bring a retaliation claim, pro se, under 31 U.S.C. § 3730(h). Although pro se litigants are unable to bring a *qui tam* action, pro se litigants are able to bring a § 3730(h) claim. *See U.S. v. Lockheed Martin*, 237 F. App'x 802, 803 (4th Cir. 2007) ("such a claim may be brought pro se, because it is not a claim on behalf of the Government."). *United States ex rel. Poston v. Lower Florence Cnty. Hosp. Dist.*, C/A: 4:17-cv-00018-RBH-TER, at *2 (D.S.C. Jan. 9, 2019) ("it is recommended that Relator's claim for retaliatory discharge under 31 U.S.C. § 3730(h) continue, as it can be pursued *pro se*.")

Further, fraud does not need to be proven for whistleblower protection to apply, only a reasonable belief. *See United States ex rel. Bachert v. Triple Canopy, Inc.*, 321 F. Supp. 3d 613, 621 (E.D. Va. 2018). ("Importantly, a plaintiff need not prove an underlying FCA violation because, as the Supreme Court has explained, § 3730(h) protects an employee's conduct 'even if the target of an investigation or action to be filed was innocent.").

4. First Disclosure - December 2021

In the first fraud disclosure, Plaintiff investigated and then terminated Mark Eastham and Peter Spark for violating compensation and control requirements for set aside contracts as a Service Disabled Veteran Owned Small Business (SDVOSB). Plaintiff discovered unauthorized payments for tens of thousands of dollars made to Mark Eastham by Peter Spark. This made Eastham, who is not a veteran, the highest compensated person in the SDVOSB, in direct violation of 13 CFR § 125.13. These violations are routinely prosecuted by the DOJ under the FCA.

Further, Plaintiff discovered Eastham and Spark were attempting to illegally control PCCS. Important company information was hidden from Plaintiff. This included plans, made in writing on company chat platforms, to steal work product and bring it to a competitor, denying the veterans of PCCS company the work product and income paid for through SDVOSB contracts.

5. Second Fraud Disclosure January 2022

While working as a subcontractor for Davinci Aerospace, LLC (Davinci), a second fraud disclosure was made against Daniel M. Shoaf and Davinci on January

18th, 2022. In that matter, Mr. Shoaf was attempting to sell the Veterans Administration fraudulent diabetic test strips. Plaintiff directly notified National Contracting Office 15 (NCO 15). Accordingly, NCO 15 reviewed the disclosure, verified the issue and cancelled the contract with Davinci. Further, NCO 15 thanked Plaintiff in writing and stated they learned to identify the fraud sooner. *See* Ex.1.

6. Shoaf, Eastham, and Spark Retaliation

Sometime between February 2022 and April 2022, Eastham, Spark and Shoaf entered into a conspiracy to retaliate against Plaintiff. Lawsuits were then coordinated between Defendants and filed in multiple jurisdictions. Importantly, lawsuits by Defendants admit a direct nexus to protected activity. In the matter brought by Shoaf and Davinci, Plaintiff was sued for reporting the matter to the VA and the federal contract solicitation number itself referenced.

7. Summary

Plaintiff is unable to find any instance where the subjects of two separate fraud disclosures joined forces, retaliating as a team. In the Davinci matter, Plaintiff was a subcontractor for Davinci and Shoaf. Plaintiff personally reported the fraud to Rick Lemmon, SES head of VA procurement. The fraud report was investigated, the contract was terminated, and the contracting office thanked Plaintiff (Ex.1) and informed they had learned from the report and would be able to spot the fraud more easily in the future.

The actions by Shoaf, Eastham, and Spark, have directly affected Plaintiff's terms and conditions of employment, creating the exact type of retaliation forbidden under § 3730(h).

### RELIEF

Plaintiff respectfully requests this Court clarify Plaintiff's standing under 31 U.S.C. §3730(h) as a pro se litigant.

Respectfully submitted this 30th day of April, 2024,

Robert Paul Sharpe
245 Royal Fern Rd.
Wilmington NC 28412
p. (910) 540-8157
wilmingtondiver@gmail.com